IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PHILIP A CEDENO, M.D., MELISSA CEDENO AND ALEXANDRA CEDENO FOR EXONERATION OR LIMITATION OF LIABILITY | Case No. 12-2140-JTM |

MEMORANDUM AND ORDER

The matter is before the Court on the Motion to Approve *Ad Interim* Stipulation for Value, Entry of a Restraining Order, and Issuance of Notice (Dkt. 4) filed by plaintiffs Philip A Cedeno, Melissa Cedeno, and Alexandra Cedeno.

On March 8, 2012, the plaintiffs moved the Court for an entry of an *Ad Interim* Stipulation for Value for the amount of the value of the 1996 Crownline vessel with the Hull Identification Number AIRO1427F000, and that a monition may issue to all persons, corporations, or entities claiming damages against the vessel for loss damages, personal injuries, or destruction from an accident occurring on or about July 16, 2011 which resulted in the death by drowning of Tyler Jeck. The plaintiffs also seek an order issuing notice of this pending action and an order restraining all suits already instituted against it and any suits that might be alleged.

The facts as alleged by the plaintiffs are that on July 16, 2011, Alexandra Jeck was

operating the vessel when a passenger, Tyler Jeck, jumped over the side, disappeared, and drowned. All of this occurred on Beaver Lake in Benton County, Arkansas. The plaintiffs believe that the parents of Tyler Jeck, David and Deborah Jeck, may institute claims in connection with the accident.

The plaintiff filed the Motion in this Court for an *ad interim* stipulation for value as security for any claims, on March 8, 2012. In their Complaint, the plaintiffs state that the vessel was sold on August 31, 2011 for $7500, and that the value of the vessel at the end of the July 16 voyage did not exceed this amount. (Dkt. 1). They allege that the accident occurred without the privity or knowledge of the plaintiffs, and was not caused or contributed to by any fault or negligence, or unseaworthiness on the part of the vessel or the plaintiffs.

The plaintiffs' *Ad Interim* Stipulation for Value and Security for Costs signifies that Allied Property and Casualty Company submits itself to the jurisdiction of purposes of this action, to pay any final judgment up to the amount of $7500, with interest at the rate of six percent, with a further $1000 as security for costs. Allied Property and Casualty further agrees to pay into the Clerk's Registry the value of the vessel, or to file a bond in this amount.

The Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501 *et seq.*, limits the liability of a shipowner for any loss incurred without the knowledge or privity of the owner, to the value of the vessel and its freight. Upon the filing of a petition and tender of

a bond, a ship owner may obtain an injunction against all other proceedings against the shipowner involving issues arising out of the subject matter of the limitation action. 46 U.S.C. § 30511(c) "Under the Limitation of Liability Act and the Supplemental Rules, a federal district court stays all related claims against a shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court." *In the Matter of the Complaint of Santa Fe Cruz, Inc.*, 535 F.Supp.2d 853, 857-58 (S.D. Tex. 2007) (citation omitted).

Supplemental Rule F(4) of the Rules for Certain Admiralty and Marine Claims provides that the court should issue notice to all potential claimants of the limitation and to advance their claims within a designated time, but not less than 30 days. The notice should be published in such newspaper as the court may direct once a week for four successive weeks prior to the date fixed for filing of claims.

Accordingly, it is for good cause shown that the Motion to Approve *Ad Interim* Stipulation for Value, Directing Issuance of Notice and Restraining Suits (Doc. # 4) is hereby granted, and the Court hereby orders:

1. The plaintiffs shall deposit an *Ad Interim* Stipulation for Value, for the value of Petitioner's interest in the vessel, as fixed by the Court herein in the amount of $7,500.00, together with $1000 for costs of Court and interest at the rate of six percent (6%) per annum, into the Clerk of the Court's registry;

2. A Monition and Injunction issue out of and under the seal of this Court against all persons claiming damage caused by or resulting from the events set forth in the Complaint herein, citing them to file their respective claims with the Clerk of this Court and to serve on or mail to the attorneys for plaintiffs copies thereof on or before the 60th day after the date of this Order, and that all persons so presenting claims and desiring to contest the allegations of the Complaint shall file an answer to the Complaint in this Court and shall serve on or mail to the

attorneys for the plaintiffs copies thereof; and

3. Plaintiffs shall cause a public notice of this monition be given by publication in the *Pittsburg Morning Sun*, for four successive weeks as required by Supplemental Rule F, and that a copy of said notice and this Order be sent by certified mail by the plaintiffs to every person known to have a claim against the plaintiff arising out of the incident set forth in the Complaint; and

4. The further prosecution of any actions, suit or legal proceedings in any Court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of, or connected with the casualty set forth in the Complaint herein, be and the same should be hereby STAYED AND RESTRAINED until the final determination of this proceeding.

IT IS SO ORDERED this 14th day of March, 2012.

       s/ J. Thomas Marten
       J. THOMAS MARTEN, JUDGE